LOTTINGER, Judge.
This is a suit ex delicto to recover damages sustained when the defendant, Rev. James Ottis, drove an automobile insured by the plaintiff, Continental Casualty Company, into a parked car. The plaintiffs are Continental Casualty Company and its insured, St. Mary Motor Company, and the defendants are Rev. James Ottis and his insurer, the Travelers Insurance Company.
At the trial level, this matter was submitted for decision on a written stipulation as follows: .
“(a) On or about March 30, 1970, the Rev. James Ottis was using an automobile owned by St. Mary Motor Company, with permission of the latter, as a substitute automobile while his personal car was being repaired.
(b) While so using said automobile on or about the date aforesaid and as a result of the sole negligence of Rev. Ottis the said automobile suffered collision damage in the amount of $700.00.
(c) CNA paid to St. Mary Motor Company the sum of $600.00 pursuant to a policy of Automobile Physical Damage Insurance which it had issued to St. Mary and which was then in full force and effect and obtained legal and conventional subrogation to the rights of St. Mary Motor Company.
(d) As a result of the aforesaid collision damage St. Mary Motor Company, Inc. was forced to expend its deductible portion under the policy referred to above in order to repair the vehicle.
(e) At all material times, Rev. Ottis was insured by the Travelers Indemnity Company under a personal automobile policy issued by it, which policy afforded the Rev. Ottis both liability and collision coverage, the latter being subject to a deductible amount of $100.00.”
The plaintiff, Continental Casualty Company (hereinafter sometimes referred to as CNA) contends that the Rev. Ottis is not an insured under the terms of the policy issued by it to St. Mary Motor Company, and therefore, considering the stipulated facts, plaintiffs are entitled to full recovery. In the alternative, CNA urges that should the Court find the Rev. Ottis to be an insured under the CNA policy, then CNA is entitled to recover a portion of the amount paid by it under the “other insurance” clause of its contract.
The Travelers Indemnity Company (hereinafter sometimes referred to as Travelers) denies any liability and urges that the policy of insurance issued by CNA provides primary coverage for the damages to said automobile. In the alternative, Travelers contends that the “other insurance” clauses of the policies of insurance issued by CNA and Travelers be mutually repugnant, the damages sustained should be apportioned according to the policy limits set forth in the respective policies.
Judgment was rendered in favor of St. Mary Motor Company against Rev. James Ottis for the $100.00 deductible portion of the loss, and judgment was further ren *594 dered in favor of Travelers Indemnity Company and the Rev. James Ottis dismissing the suit of Continental Casualty Company insofar as to claim for $600.00 was concerned.
The portion of the judgment in favor of St. Mary Motor Company and against the Rev. James Ottis for the amount of $100.-00 has been paid, and now Continental Casualty Company has appealed from that portion of the judgment dismissing its claims against Rev. Ottis and Travelers for the sum of $600.00.
In discussing the issue whether Rev. Ot-tis was an insured under the terms of the CNA policy issued to St. Mary Motor Company, the Trial Judge in his written reasons for judgment stated the following:
“The section of the CNA policy applicable to the instant situation and under which the loss was actually paid is that designated as ‘Automobile Physical Damage Insurance (Dealers)’. The following excerpt from counsel for plaintiff’s brief adequately describes this policy section and sets forth CNA’s contentions in regard thereto, viz:
‘. However, coverage P, collision, is involved and we will discuss that at some length.
The coverage indicated that insured automobiles are insured for their actual cash value less a deductible amount of $100.00. Immediately to the right of the column indicating the name of the coverage, appears another column entitled “covered automobiles” and indicating the type and interest insured therein. This is indicated by the dagger that appears immediately after the word “automobiles”, which refers you to item 4 at the bottom of the page where the dagger again appears. In addition, item 1, the first sentence at the top of page indicates that the insurance is afforded only with respect to the coverages as indicated by specific charges and further, that only the interests that are indicated by one or more of the designated numerals appearing in item 4 are insured interests.
The numeral inserted opposite the collision coverage for both new and used cars is the numeral “1”. Referring then to Section 1 of Item 4, it can be seen at once that only the interest of the St. Mary Motor Company is insured since Section 1 designates the insured interest as “named insured’s interest in owned covered automobiles unencumbered by any security interest of a creditor of the named insured.”
Since it may become important to define what is meant by the term “named insured”, we must refer to the policy provisions. The automobile physical damage insurance section contains Article IV, additional definitions, but this section does not contain a definition of “named insured”. Accordingly, we must look to the main definition section contained in the policy jacket, and we find there the following language:
‘ “named insured” means the person or organization named in item 1. of the declarations of this policy;’.”
Referring back to item 1 of the declarations, the first page that we covered, we find that the named insured is defined as the St. Mary Motor Company, Inc.
Thus, since the only interest insured for collision coverage is the interest of the St. Mary Motor Company, there is no coverage at all afforded to the Rev. James Ottis under the terms of the automobile physical damage insurance (dealers) section of the policy.’ ”
Following the above quotation of plaintiff counsel’s brief, the trial judge disagreed with the conclusion therein and went on to find that Rev. Ottis was an insured *595 by virtue of the provisions of an exclusion clause which reads as follows:
“Exclusions:
This insurance does not apply:
(a) to any covered automobile while
(0.
(H).
(iii) leased or rented to others, except while rented to a customer of the named insured while such customer’s vehicle is temporarily left with the named insured for service or repair;”
We must disagree with the trial court’s conclusion that Rev. Ottis was an insured under the provisions of the Automobile Physical Damage Insurance section of the dealers policy.
As we analyze this issue we must bear in mind that we are concerned with collision insurance and not liability insurance. The general purpose of collision coverage is to protect the owner, and/or one who has the security interest as a creditor in the vehicle, against a loss resulting from physical damage to such vehicle. The insurer agrees to pay to the insured the value of damage to the vehicle in the event the vehicle is involved in a collision. Who then is the insured under this section of the policy?
Page one of the policy designates St. Mary Motor Company as the “named insured”. We turn to the section under consideration, “Automobile Physical Damage Insurance”, to ascertain if the word “insured” is extended to include any other persons other than the “named insured.”
Item 1 of this section specifically affords coverage only to the “covered automobiles and to the interests therein” as designated in Item 4 thereof. The section further provides collision coverage on new and used cars owned by St. Mary “unencumbered by any security interest of a creditor of the named insured.” (Item 4) The policy also contains a $100.00 deductible provision. This section contains no provision which would extend this coverage to Rev. Ottis who has no ownership interest, nor has a security interest as a creditor, in the vehicle.
The exclusion clause quoted heretofore cannot serve as a basis for extending coverage which is not otherwise provided. The effect of the exclusion clause is that no coverage for damage loss would be afforded the named insured (St. Mary) while St. Mary is leasing or renting an automobile unless the automobile is being used by a customer while the customer’s vehicle is temporarily left with St. Mary for service or repair. This exclusion clause merely defines the limits of coverage afforded to the named insured, St. Mary Motor Company.
Having concluded that Rev. Ottis is not covered under St. Mary’s policy with CNA, there is no “other insurance” and, thus, Travelers is liable to CNA as the liability insurer of Rev. Ottis.
For the reasons assigned the judgment of the trial court is reversed and judgment is hereby rendered in favor of CNA and against Rev. Ottis and Travelers Insurance Company for the sum of $600.00 with interest. The defendant-appellees are to pay all costs.
Reversed and rendered.